Filed 1/23/15  Vargo v. Financial Freedom Acquisition, LLC CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| REBECCA VARGO, Individually and as Trustee, etc., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> FINANCIAL FREEDOM ACQUISITION, LLC et al., <br><br> Defendants and Respondents. | G049006 <br><br> (Super. Ct. No. 30-2012-00605694) <br><br> O P I N I O N |

Appeal from judgments of the Superior Court of Orange County, Craig L. Griffin, Judge.  Affirmed.

Rebecca Vargo, in pro. per., for Plaintiff and Appellant.

Dykema Gosset, J. Kevin Snyder and Ashley R. Fickel for Defendant and Respondent Financial Freedom Acquisition.

Reback, McAndrews, Kjar, Warford, Stockalper, Moore, James J. Kjar and Albert E. Cressey III, for Defendant and Respondent Eric Becker.

\*          \*          \*

Plaintiff Rebecca Vargo, Trustee of the Pauline L. Lasswell Trust, individually and on behalf of the Pauline L. Lasswell Trust, appeals from the judgments entered after the trial court sustained without leave to amend the separate demurrers of defendants Eric Becker and Financial Freedom Acquisition, LLC (FFA) to her second amended complaint. She contends the court erred because it looked beyond the four corners of the complaint and the defects therein were capable of being cured by amendment. No error has been shown and we affirm the judgments.

FACTS AND PROCEDURAL BACKGROUND

According to the second amended complaint, Pauline L. Lasswell, plaintiff's mother, obtained a reverse mortgage loan (loan) from FFA in 2008, secured by her residence (property). At the time of the loan, Lasswell held title to the residence in her capacity as "Trustee of the Pauline S. Lasswell Trust" (trust). Plaintiff and Lasswell were co-trustees of the trust.

The following year, the probate court appointed Charles Kimery and Lee Ann Hitchman as temporary conservators over Lasswell and her estate. The court later appointed Hitchman as Lasswell's private conservator. Becker is Hitchman's attorney. Subsequently, Lasswell's health began failing and Hitchman moved her into an assisted living facility.

In February 2010, Hitchman, on Lasswell's behalf, requested to draw over $87,000 from FFA for Lasswell's care and medical treatment, which FFA paid out. Lasswell died the next year, causing the loan to mature. When the loan was not repaid by Lasswell's estate, FFA foreclosed on the property.

Plaintiff sued FFA and Becker, along with Hitchman and Kimery (who are not parties to this appeal). The second amended complaint alleged causes of action for

2

negligence, fraud and deceit, breach of fiduciary duty, and financial elder abuse, as well as a claim for breach of contract against FFA.

The court sustained the demurrers of FFA and Becker to plaintiff's second amended complaint without leave to amend. The court found the litigation privilege under Civil Code section 47 barred plaintiff's entire action against Becker. As to FFA, the court ruled the negligence and breach of contract claims failed because "[r]egardless of whether the property subject to the reverse mortgage was or was not in a trust, FFA did not breach any contract[, which was with Lasswell, not plaintiff] or duty to plaintiff trust by lending money under the contract based on the request of Lasswell's court-appointed conservator. Similarly, lending money under the contract based on a request by Lasswell's court-appointed conservator did not breach any duty to plaintiff." The fraud cause of action failed for lack of specificity. And the absence of an allegation that FFA owed plaintiffs a fiduciary duty, or that any act or omission by FFA constituted financial elder abuse, doomed the breach of fiduciary and financial elder abuse claims. The court denied leave to amend because it had already granted plaintiff several opportunities to do so. Judgments of dismissal were subsequently entered in favor of Becker and FFA.

DISCUSSION

"When the trial court sustains a demurrer, we review the complaint de novo to determine whether it alleges facts stating a cause of action on any possible legal theory." (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1490.) "The plaintiff has the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action and overcoming all of the legal grounds on which the trial court sustained the demurrer, and if the defendant negates any essential element, we will affirm the order sustaining the demurrer as to the cause of action." (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.)

3

Plaintiff fails to address any of the grounds the court relied on to sustain the demurrers, much less overcome them. She merely claims repeatedly that the court erred in sustaining the demurrers by making "determinations of fact beyond the four . . . corners of the . . . [s]econd [a]mended [c]omplaint when such determinations should have been reserved for, and determined at a trial on the merits." But plaintiff neglects to identify the factual determinations she claims were incorrectly made. Without that we cannot evaluate whether they should have been reserved for trial.

Plaintiff asserts the court's ruling on Becker's demurrer was "based primarily upon the fact" her opposition was filed late and the court erred by not considering it. She is mistaken. The court "admonished" plaintiff to review Code of Civil Procedure section 1005, subdivisions (b) and (c) given that this was the second time she had filed a late opposition. But the court then continued and addressed the demurrer on its merits, finding plaintiff's second amended complaint barred by the litigation privilege under Civil Code section 47, subdivision (b). Although plaintiff references this conclusion, she makes no argument that it was incorrect. The specific acts and omissions by FFA and Becker are irrelevant to this issue.

Plaintiff also contends the court abused its discretion in denying her leave to amend. We review a decision to deny leave to amend for abuse of discretion. (*Curcini v. County of Alameda* (2008) 164 Cal.App.4th 629, 637.) Denial of leave to amend constitutes an abuse of discretion if the plaintiff carries the burden of demonstrating a reasonable possibility the defects can be cured by amendment. (*Ibid.*) But because plaintiff has proposed no amendments to her second amended complaint that she contends would cure the defects, she has not shown the court abused its discretion in sustaining the demurrers without leave to amend.

4

DISPOSITION

The judgments of dismissal are affirmed.  Respondents shall recover their costs on appeal.

RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.